[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT CITY OF NEW HAVEN'S SECOND MOTION FOR SUMMARY JUDGMENT (#104)
This is a personal injury lawsuit in which the plaintiff, Jimmie Cooper ("Cooper"), seeks underinsured motorist damages from the City of New Haven ("City"). The case arises from an incident that occurred on November 26, 1998 at the intersection of Chapel Street and Ellsworth Avenue. Cooper, an employee of City of New Haven Department of Fire Services, was operating a 1985 Pierce Fire Engine on an emergency call with lights and siren activated. The fire engine proceeded through a green overhead traffic signal at the intersection and was attempting to make a left hand turn when Ariho Abdulahi drove through a red overhead traffic signal and collided with the side of the fire engine. Cooper alleges that he was injured as a result of the accident and further asserts that Ariho Abdulahi was underinsured. Cooper seeks underinsured motorist damages from the City.
The City has moved for summary judgment on the ground that it is not obligated to provide underinsured motorist coverage for a fire engine. For the reasons set forth below, the motion for summary judgment must be granted.
 DISCUSSION
In Willoughby v. City of New Haven, 254 Conn. 404 (2000) our Supreme Court ruled that a city was not required to provide uninsured/underinsured motorist coverage for a fire department emergency vehicle. The Supreme Court concluded that such coverage is only required for private passenger motor vehicles. Id., 420.[1] In the present case, the City asserts that the 1989 Pierce Fire Engine is also outside the definition of a private passenger motor vehicle and, therefore, underWilloughby uninsured/underinsured motorist coverage is not required.
The plaintiff asserts that the application of the Willoughby case is contingent on the City proving that it has properly designated itself as a self-insurer.[2] As to this question, the plaintiff claims that there exists a genuine issue of fact. Specifically, the plaintiff argues that the City officials who purported to designate New Haven as a self-insurer were without legal authority to do so. In support of this position, the plaintiff has submitted portions of the New Haven Charter and New Haven Code that describe the function and authority of the officials involved. The court finds that by these submissions, the plaintiff has raised an issue of fact as to whether the City properly sought designation as a self-insurer from the Insurance Commissioner.
The question becomes whether there exists an issue of material fact.
The standard for granting summary judgment in Connecticut is well CT Page 11529 established. Summary judgment is to be granted forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. A "genuine" issue has been variously described as a "triable," "substantial" or "real" issue of fact that can be maintained by substantial evidence. United Oil Co. v. Urban Redevelopment Comm.,158 Conn. 364, 378 (1969). A "material" fact has been defined adequately and simply as "a fact that will make a difference in the outcome of the case." Id., 379.
Whether or not the City properly designated itself as a self-insurer does not affect its nonobligation to provide underinsured motorist coverage for its fire engines. "The funding mechanism by which an owner of vehicles decides to meet the requirements of Connecticut insurance law is irrelevant to the obligation of that funding entity to comply with such requirements. . . . [S]elf insurance it he functional equivalent of commercial insurance." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,378 n. 4 (1998). The Supreme Court in Willoughby made clear that it did not base its conclusion of noncoverage on the defendant's status as a self-insurer, and also did not impose additional underinsured motorist requirements because of that same status. Willoughby v. New Haven, supra, 254 Conn. 437.
The effect of Willoughby is that certain motor vehicles in the public sector are exempted from the ambit of underinsured motorist protection. See Connecticut Law of Uninsured and Underinsured Motorist Coverage, Second Edition, S 5. The point here is that underinsured motorist protection is not a function of the type of insurance coverage, but rather of the type of municipal vehicle or registration. The court is not persuaded by plaintiff's assertion that an ineffective designation as a self insurer means that the City's underinsured motorist obligation is limitless. To the contrary, an ineffective designation as a self insurer is not material to the extent of underinsured motorist coverage for certain municipal vehicles. In the present case, that coverage does not extend to the fire engine Cooper was operating.
On the present record, the court finds that there is no genuine issue of material fact and the City is entitled to judgment as a matter of law. In sum, the court finds the present case controlled by Willoughby.
 CONCLUSION
For the reasons set forth above, the motion for summary judgment is granted. CT Page 11530
So Ordered at New Haven, Connecticut, this 23rd day of August 2001.
Devlin, J.